UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LEOPOLDO CARDENAS,<br><br>    Plaintiff,<br><br>    v.<br><br>DAVE BASE, *et al.*,<br><br>    Defendants. | NO. CV-04-5080-RHW<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court is Defendant's Motion for Summary Judgment (Ct. Rec. 23). This motion was heard without oral argument.

At all times pertinent to this law suit, Plaintiff was an inmate at Walla Walla State Penitentiary ("Penitentiary"). He asserts that employees of the Penitentiary violated his constitutional rights in a number of ways: (1) Denial of Toilet Paper, in violation his Eighth Amendment Right to be free from Cruel and Unusual Punishment: (2) Termination of Employment based on his religion, in violation his First Amendment Rights of Freedom of Religion and his Fourteenth Amendment Equal Protection Rights; (3) Denial of Access to the Library, in violation his Fourteenth Amendment Rights; (4) Retaliation; (5) Improper Withdrawal of Funds, in violation of his Due Process Rights, and (6) Loss of Earned Time and Custody Promotion, in violation of his Due Process Rights. In their Motion for Summary Judgment, Defendants asks the Court to dismiss all of Plaintiff's claims and dismiss the case with prejudice.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1**

**ANALYSIS**

**A.     Standard of Review**

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). There is no genuine issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial," then the trial court should grant the motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

**B.     Plaintiff's 42 U.S.C. § 1983 Claims**

In order to establish liability under 42 U.S.C. § 1983, Plaintiff bears the burden of proving that Defendants: (1) acted under color of state law, and (2) deprived Plaintiff of rights secured by the Constitution or federal statutes. *Karim-Panahi v. Los Angeles Police Dep't,* 839 F.2d 621, 624 (9th Cir. 1988). Here, Defendants are all employees at Walla Walla State Penitentiary. As such, Plaintiff has made the proper showing that Defendants were acting under color of state law. As discussed below, however, Plaintiff has not met his burden of showing that his Constitutional rights were violated.

**1.     Denial of Toilet Paper**

Plaintiff alleges that he was denied toilet paper in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. On March 30,

2003, Plaintiff's cell was out of toilet paper. On his way back from breakfast, Plaintiff approached Correction Officer Knowlton to see if he could get another roll. According to Plaintiff, Knowlton was going to allow him to get a roll of tissue, when Correction Officer Suckow and Defendant Base stopped Plaintiff and told him he had to wait for the supply cart. The time was 08:45 hours and the supply cart did not come until 14:15 hours. As a result, Plaintiff had to wait to use the bathroom and he asserts he was subjected to "tremendous abdominal pain and suffering."

The Eighth Amendment to the United States Constitution states: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. Amend. VIII. The "cruel and unusual punishments" standard applies to the conditions of a prisoner's confinement. *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). "No static 'test' can exist by which courts determine whether conditions of confinement are cruel and unusual, for the Eighth Amendment 'must draw its meaning from the evolving standards of decency that mark the progress of a maturing society.'" *Id.* (Citations omitted). However, courts agree that the Eighth Amendment "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (Citations omitted).

Nevertheless, "the Constitution does not mandate comfortable prisons." *Rhodes*, 452 U.S. at 349. If prison conditions are merely "restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Id.* at 347. Generally speaking, prison conditions rise to the level of an Eighth Amendment violation only when they "involve the wanton and unnecessary infliction of pain." *Id.*

The Supreme Court has developed a two-part analysis to govern Eighth Amendment challenges to conditions of confinement. First, under the objective component, a prisoner must prove that the condition he complains of is sufficiently

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3**

serious to violate the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). The challenged condition must be extreme. *Id.* at 9. While an inmate "need not await a tragic event" before seeking relief, he must at the very least show that a condition of his confinement "pose[s] an unreasonable risk of serious damage to his future health or safety." *Helling v. McKinney*, 509 U.S. 25, 33, 35 (1993).

Second, the prisoner must show that the prison officials "acted with a sufficiently culpable state of mind" with regard to the condition at issue. *Hudson*, 503 U.S. at 8. The proper standard is that of deliberate indifference. *Wilson v. Seiter*, 501 U.S. 294, 303 (1991). Negligence does not suffice to satisfy this standard, but a prisoner need not show that the prison official acted with "the very purpose of causing harm or with knowledge that harm [would] result," *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).

In defining the deliberate indifference standard, the *Farmer* Court stated:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837. Furthermore, the official may escape liability for known risks "if [he] responded reasonably to the risk, even if the harm ultimately was not averted." *Id.* at 844.

In reviewing prior cases in which courts have determined whether deprivation of toilet paper rises to the level of a Constitutional violation, it is clear in viewing the facts in the light most favorable to Plaintiff that the denial of toilet paper for almost six hours does not meet the objective test for cruel and unusual punishment. *See Trammel v. Keane*, 338 F.3d 155 (2nd Cir. 2003) (holding that no Constitutional violatiom occurred where the plaintiff was left with one roll of toilet paper to last approximately nine days, due to negligence); *Phillips v. East*, 2003

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 4

WL 22770162 (5th Cir. Nov. 24, 2003) (holding that denial for two and one-half days of a mattress, a blanket, and toilet paper, without more, to an inmate with a cold confined indoors does not constitute a deprivation of the minimal civilized measures of life's necessities); *Harris v. Fleming*, 839 F.2d 1232 (7th Cir. 1988) (finding no Eighth Amendment violation when prison officials failed to provide a prisoner with toilet paper for five days, and soap, a toothbrush, and toothpaste for ten days); *Broomfield v. Allen County Jail*, 2005 WL 1174123 (N.D. Ind. May 3, 2005) (holding that the denial of toilet paper for two days was a temporary inconvenience, not an Eighth Amendment violation). As such, summary judgment with respect to this claim is appropriate.

### 2. Termination of Employment Based on Religion in Violation of First and Fourteenth Amendment

Plaintiff asserts that his First and Fourteenth Amendment rights were violated when he was terminated for refusing to work on Saturdays. Beginning on May 28, 2003, Plaintiff began working as a Unit 6 tier porter at the Walla Walla State Penitentiary. According to the Penitentiary's policy, a tier porter must work every day. Upon being hired, Plaintiff informed Defendant Branscum that he was unable to work on Saturdays because of his religion. Defendant Branscum asserts that, after checking with his supervisors, he informed Plaintiff that he would indeed have to work all seven days, including Saturdays. Plaintiff states that he was never told that he had to work on Saturdays and insists that he has never worked on Saturdays as a Unit 6 tier porter.

On Saturday, October 18, 2003, staff at the Penitentiary noticed that Plaintiff did not report to work. When asked why he was not working, Plaintiff stated that Custody Unit Supervisor Walter told him he did not have to work Saturdays. When questioned by staff, Defendant Walter said he never told Plaintiff he did not have to work Saturdays. The following Saturday, October 25, 2003, Plaintiff again refused to work, and this time was fired by Defendant Base.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5**

Under *Anderson,* the Court would accept Plaintiff's version of the facts and review the summary judgment motion as if Plaintiff never worked on Saturdays since he was hired. *Anderson*, 477 U.S. at 255. "The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). In support of their motion, Defendants provided the Court with payroll records showing that Plaintiff was paid for working Saturdays. Also, Plaintiff's supervisor testified that if Plaintiff failed to show up for work on Saturdays, he would have been aware of it.

The Court accepts the payrolls records as proof that prior to October 18, 2003, Plaintiff had worked Saturdays at the Penitentiary as a Unit 6 tier porter, and, accordingly, finds that Plaintiff was fired for failing to come to work on October 18, 2003, and the firing had nothing to do with the practice of his religion. Also, once Plaintiff notified the Penitentiary that he was not willing to work on Saturdays because of his religion, he was assigned a new job, which accommodated his request. Consequently, Plaintiff has failed to establish that his Constitutional rights were violated when he was terminated as a Unit 6 tier porter.

### 3. Equal Protection Claim

Throughout his Complaint, Plaintiff asserts that he was unfairly discriminated against because of his religion. In order to succeed in an Equal Protection claim, Plaintiff must show that officials intentionally acted in a discriminatory manner. *Freeman v. Arpaio*, 125 F.3d 732, 737 (9th Cir. 1997). At the minimum, then, Plaintiff would have to show that he was not afforded a reasonable opportunity to pursue his faith as compared to prisoners of other faiths, and that such conduct was intentional. *Id.* There is nothing in the record to suggest that Plaintiff, or other Seventh Day Adventists, are treated differently than prisoners of other faiths at the Walla Walla State Penitentiary.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 6

**4.     Denial of Access to the Library**

Plaintiff asserts that he was denied access to the library in violation of the Fourteenth Amendment. On October 18, 2003, the same day that he refused to go to work for the first time, Plaintiff was placed on a cross-quadrant list so he could access the library. Plaintiff was not called out, and he was unable to use the library that morning. Plaintiff filed a grievance, and the investigation revealed that Plaintiff was wrongfully denied access to the library that day.

The Fourteenth Amendment due process clause guarantees inmate access to the courts that is adequate, effective, and meaningful. *Bounds v. Smith*, 430 U.S. 817, 822 (1977); *Sands v. Lewis*, 886 F.2d 1166, 1168 (9th Cir. 1989). To guarantee the right of access, prison authorities must "assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds*, 430 U.S. at 828. The Constitution does not guarantee a prisoner unlimited access to a law library. *Lindquist v. Idaho State Bd. of Corr.*, 776 F.2d 851, 858 (9th Cir. 1985). Prison officials can regulate the time, manner, and place in which the library facilities are used. *Id.*

The Ninth Circuit has set forth a two-step analysis to determine whether a right of access claim has merit. *Vandelft v. Moses*, 31 F.3d 794, 796 (9th Cir. 1994). First, the court must determine "whether the claimant alleges a denial of adequate law libraries or adequate assistance from persons trained in the law." *Id.* Second, if the claim does not involve either of these two "core requirements," the court must decide whether the plaintiff has alleged an actual injury to court access. *Id.* "Actual injury" is defined as a "specific instance in which an inmate was actually denied access to the courts." *Id.*

Here, Plaintiff is not challenging the adequacy of the law library itself, but claims that he was denied reasonable access to it. Lack of reasonable access to the law library is not the equivalent of denial of access to the courts. *Id.*; *see also*

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7**

*Vigliotto v. Terry*, 865 F.2d 1131, 1133 (9th Cir. 1989) ("The temporary deprivation of an inmate's legal materials does not, in all cases, rise to a constitutional deprivation."). Thus, in order to establish that his right of access to the courts was violated, Plaintiff must show that (1) the access was so limited as to be unreasonable; and (2) the inadequate access caused him actual injury. *Id.*

According to the Response to the Grievance, Plaintiff was called out for the afternoon legal library session on that same day and he failed to show, although it appears that he chose not to attend the library session due to church. Even so, his failure to use the library implies that his access was not so limited as to be unreasonable. More importantly, there is no evidence in the record that Plaintiff was denied access to the court because of a missed deadline caused by the denial of access to the law library. At his deposition, Plaintiff could not recall whether he missed any legal deadlines as a result of being denied access to the law library that morning.

Because there are no genuine issues of material fact as to whether Plaintiff suffered injury from Defendants' actions, or whether the one time denial of access to the law library was unreasonable, summary judgment with regard to Plaintiff's claims of denial of access to courts is granted.

**5.   Retaliation**

Throughout his Complaint, Plaintiff cites numerous instances in which he attributes certain conduct on the part of Defendant Base as retaliation as a result of Plaintiff filing his grievances. Plaintiff asserts that as a result of his filing the grievance for the toilet paper issue, Defendant Base developed an attitude of contempt and animosity towards him—he would prevent him from using the showers, from getting ice, from going to the yards, and would yell at Plaintiff and lock him up for no reason.

Plaintiff also alleges that Defendant Base retaliated against him on October 18, 2003, when, after he failed to show up for work, Defendant Base failed to call

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8**

him out to allow him to access the law library. When Plaintiff filed a grievance for the denial of access to the law library, Defendant Base threatened him that he would lose his job, and, on the next day, fired Defendant for failing to show up for work.

Plaintiff also asserts that Defendant Base retaliated against him for filing grievances on December 10, 2003, when he ordered Defendant to be locked up at the 6:00 a.m. gate, and again at the 10:00 a.m. gate, which caused Plaintiff to be late on the first day of his new job.

Of fundamental import to prisoners are their First Amendment "right[s] to file prison grievances and to pursue civil rights litigation in the courts." *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005). Purely retaliatory actions taken against a prisoner for having exercised those rights necessarily undermine those protections and such actions violate the Constitution. *Id.*

Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. *Id.* Plaintiff bears the burden of proving the absence of legitimate correctional goals for the alleged retaliatory conduct. *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995). Courts should "afford appropriate deference and flexibility to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory." *Id.* at 807.

Plaintiff has not met his burden of showing that the actions taken by Defendant Base did not reasonably advance a legitimate correctional goal. Also, with regard to the allegations that Base prevented Plaintiff from getting ice, taking a shower, or going to yard, or yelling at Plaintiff, or locking him up for no reason, it does not appear that Plaintiff has ever filed grievances for this conduct. Thus,

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9**

those allegations of retaliation are not properly before the Court. Moreover, even if they were exhausted, this type of conduct doesn not rise to the level of a Constitutional violation. *See Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) (generally verbal harassment does not violate Eighth Amendment unless comments are unusually gross or calculated to cause psychological damage). Summary judgment regarding Plaintiff's retaliation claims is granted.

### 6. Improper Withdrawal of Funds

Plaintiff alleges that Defendants are improperly withdrawing his funds. Plaintiff's claims are without merit. Defendants' withdrawal of funds are in accordance with Wash. Rev. Code § 72.09.350(3) and § 72.09.111. *See In re Metcalf*, 92 Wash. App. 165 (1998) (holding that deductions from wages earned by prisoner, and funds he received from other sources, pursuant to statutes enacted after date of his incarceration, did not violate prisoner's procedural due process rights, as legislative process through which statutes were enacted provided all the process due to prisoner; likewise deductions were rationally related to legitimate government interests of curtailing costs of incarceration and compensating crime victims, and thus, did not violate prisoner's substantive due process rights.) Therefore, absence a genuine issue of material fact, summary judgment on Plaintiff's claims of improper withdrawal of funds is proper.

### 7. Loss of Custody Promotion and Earned Time

Plaintiff asserts that his due process rights were violated when he was denied earned time and his custody promotion as a result of his infractions for failing to report to work.

A prisoner does not have a constitutional right to a particular classification status. *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (rejecting claim that prison classification and eligibility for rehabilitative programs invoked due process protections); *Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987); *see also In re Dowell*, 100 Wash.2d 770, 773-74 (1984) (holding that a state prisoner does

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10**

not have a liberty interest in a particular classification status).  Thus, Plaintiff's claim that his due process rights were violated when his custody promotion was denied fails as a matter of law.

With regard to his claim for denial of earned time, on November 23, 2003, Plaintiff appealed directly to Richard Morgan regarding his annual review and his infraction.  In his appeal, he requested that he be given 270 days earned time.   On December 3, 2003, Mr. Morgan's designee responded to Plaintiff's appeal.  He stated," [t]he context of your request for 270 days earned time is unclear, I suggest you address this question with your assigned counselor for clarification."  There is nothing in the record to suggest that Plaintiff did as he was directed, or that he filed any other grievance with regard to his earned credit time.  Thus, this claim is not properly before the Court.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Summary Judgment (Ct. Rec. 23) is **GRANTED**.

2. Plaintiff's Motion to Supplement Additional Pleadings Occurred After the Filing of the Complaint (Ct. Rec. 18) is **DENIED**.

3. Plaintiff's Motion for Waiver on Memorandum Page Limitation (Ct. Rec. 33) is **GRANTED**.

4. Plaintiff's Motion Opposing Defendant's Motion for Summary Judgment (Ct. Rec. 32) is **DENIED**.

5. The District Court Executive is directed to enter judgment in favor of Defendants and close the file.  Neither party shall recover costs.

///
///
///
///

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 11

1  **IT IS SO ORDERED.** The District Court Executive is hereby directed to
2  enter this order, furnish copies to counsel and Plaintiff, and close the file.
3  **DATED** this 18th day of January, 2006.

             s/ Robert H. Whaley

             ROBERT H. WHALEY
             Chief United States District Judge

Q:\CIVIL\2004\Cardenas (Prisoner)\sj.wpd

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 12